# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS
No.  11-390V
Filed: September 26, 2014

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| N.A. a minor, by his father and natural guardian, WALLI AFZALI, | \* \* \* |
| Petitioner, | \* \* |
| v. | \* \* \* |
| SECRETARY OF HEALTH AND HUMAN SERVICES | \* \* \* |
| Respondent. | \* \* |

Interim Attorney Fees and Costs

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Clifford J. Shoemaker, Esq., Shoemaker and Associates, Vienna, VA, for petitioners.
Jennifer Reynaud, Esq., U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON INTERIM ATTORNEY FEES AND COSTS[1]

**Vowell,** Chief Special Master:

In this case under the National Vaccine Injury Compensation Program,[2] I issued a decision awarding damages to petitioner on March 7, 2014.  Judgment entered on March 14, 2014.  On September 3, 2014, petitioner filed a motion for attorney fees and costs.  On September 22, 2014, respondent filed a response to petitioner's motion, indicating that while she had objections to the fees and costs of the original attorneys of record, Mark Wohlberg and Marian Ming, the fees and costs requested by Mr. Shoemaker were not unreasonable.  On September 24, 2014, petitioner's counsel filed a motion for interim attorney fees and costs for his firm, Shoemaker, Gentry & Knickelbein, while the conflict between respondent and Mr. Wohlberg and Ms. Ming on

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] The applicable statutory provisions defining the program are found at 42 U.S.C. § 300aa-10 *et seq.* (2006).

the amount of their fees and costs is resolved.  Respondent does not object to this arrangement.

In the motion for interim fees and costs, petitioner's counsel requests $6.55 on behalf of petitioner, N.A., and his guardian, Walli Afzali, which represents costs incurred during the prosecution of this case.  Counsel also requests $81,079.15, which represents the fees and costs incurred by the firm of Shoemaker, Gentry & Knickelbein.

I find that this petition was brought in good faith and that there existed a reasonable basis for the claim.  Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. §§ 300aa-15(b) and (e)(1).  Further, the proposed amount seems reasonable and appropriate.  **Accordingly, I hereby award the total of $81,085.70[3] as follows:**

- **A lump sum of $81,079.15 in the form of a check payable jointly to petitioner Walli Afzali and petitioner's counsel of record, Clifford Shoemaker, for petitioners' attorney fees and costs;** and

- **A lump sum of $6.55 in the form of a check payable to petitioner Walli Afzali for his personal litigation costs.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

> **s/ Denise K. Vowell**
> **Denise K. Vowell**
> Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).