## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS
No. 11-390V
Filed: March 7, 2014
(Not to be Published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| N.A., a minor, by his Father and Natural Guardian, WALLI AFZALI, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Damages Decision Based on Proffer; Measles, Mumps, Rubella Vaccine; MMR; Encephalitis; Table Injury. |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Clifford J. Shoemaker, Esq., Shoemaker and Associates, Vienna, VA, for petitioner.
Jennifer L. Reynaud, Esq., U.S. Dept. of Justice, Washington, DC, for respondent.

### DECISION AWARDING DAMAGES[1]

**Vowell,** Chief Special Master:

On June 14, 2011, Walli Afzali filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] [the "Vaccine Act" or "Program"] alleging that his son, NA, suffered encephalitis within five to fifteen days of receiving the measles, mumps, rubella vaccine and that the vaccine was the cause of NA's injury.  Petition at Preamble.

On December 10, 2012, respondent filed a report pursuant to Vaccine Rule 4(c) in which she conceded that petitioner established the requirements for compensation

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

under the Vaccine Act.  Respondent's Report at 4.  Thereafter, on January 2, 2013, I issued a Ruling on Entitlement, finding petitioner entitled to compensation based on a Vaccine Table injury.  *See* 42 C.F.R. § 100.3(a)(III)(B).  On the same day, I issued an order regarding damages.

On March 6, 2014, respondent filed a Proffer on Award of Compensation ["Proffer"], which indicated that the petitioner agreed to the compensation amount.

Pursuant to the terms stated in the attached Proffer, I award the following:

A. **A lump sum payment of $1,153,833.20,** representing compensation for lost future earnings ($645,427.52), pain and suffering ($250,000.00), and life care expenses for Year One ($258,405.68), **in the form of a check payable to petitioner as guardian/conservator of N.A., for the benefit of N.A., and subject to the terms of the attached Proffer**; and

B. **A lump sum payment of $187,773.89, representing compensation for satisfaction of the State of Illinois Medicaid lien, payable jointly to petitioner and:**

> Illinois Department of Healthcare and Family Services
> Bureau of Collections
> Technical Recovery Section
> 401 S. Clinton, 5th Floor
> Chicago, Illinois 60607-3800
> Attn: Mr. Anthony Graham
> Case No: 96-204-0000CS9504

Petitioner agrees to endorse this payment to the State of Illinois.

C. **An amount sufficient to purchase the annuity contract described in section II.C. of the attached Proffer.**

The clerk of the court is directed to enter judgment in accordance with this decision.[3]


**IT IS SO ORDERED.**

**s/Denise K. Vowell**
Denise K. Vowell
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| **N.A.**, a minor by his<br>Father and Natural Guardian,<br>WALLI AFZALI,<br><br>            Petitioners,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>            Respondent. | No. 11-390V<br>Chief Special Master Vowell<br>ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.    Items of Compensation**

   A.    Life Care Items

The respondent engaged life care planner, Ginger Walton, RN, MSN, FNP, CNCLP, and petitioner engaged Tresa Johnson, RN, BSN, CNLCP, to provide an estimation of N.A.'s future vaccine injury-related needs. For the purposes of this proffer, the term "vaccine injury" is as described in the Chief Special Master's ruling on entitlement filed January 2, 2013. All items of compensation identified in the joint life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for N.A., attached hereto as Tab A.[1] Respondent proffers that N.A. should be awarded all items of compensation set forth in the joint life care plan and illustrated by the chart attached at Tab A. Petitioner agrees.

---

[1] The chart at Tab A illustrates the annual benefits provided by the joint life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

B.  Lost Future Earnings

The parties agree that based upon the evidence of record, N.A. will not be gainfully employed in the future.  Therefore, respondent proffers that N.A. should be awarded lost future earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(B).  Respondent proffers that the appropriate award for N.A's lost future earnings is $645,427.52.  Petitioner agrees.

C.  Pain and Suffering

On February 3, 2014, the Chief Special Master issued a Ruling on Damages for Pain and Suffering, finding that N.A. is entitled to the statutory cap of $250,000.00 in actual and projected pain and suffering.

D.  Past Unreimbursable Expenses

Petitioner has not provided evidence of any expenditures of past unreimbursable expenses related to N.A.'s vaccine-injury.  Respondent therefore proffers that petitioner should be awarded no past unreimbursable expenses.  Petitioner agrees.

E.  Medicaid Lien

Respondent proffers that N.A. should be awarded funds to satisfy a State of Illinois Medicaid lien in the amount of $187,773.89, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Illinois may have against any individual as a result of any Medicaid payments the State of Illinois has made to or on behalf of N.A. from the date of his eligibility for benefits through the date of judgment in this case as a result of his vaccine-injury suffered on or about June 19, 2008, under Title XIX of the Social Security Act.

## II.    Form of the Award

The parties recommend that the compensation provided to N.A. should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Court's decision and the Court's judgment award the following:

A.    A lump sum payment of $1,153,833.20, representing compensation for lost future earnings ($645,427.52), pain and suffering ($250,000.00), and life care expenses for Year One ($258,405.68), in the form of a check payable to petitioner as guardian/conservator of N.A., for the benefit of N.A. No payments shall be made until petitioner provides respondent with documentation establishing that he has been appointed as the guardian/ conservator of N.A.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of N.A., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of N.A. upon submission of written documentation of such appointment to the Secretary.

B.    A lump sum payment of $187,773.89, representing compensation for satisfaction of the State of Illinois Medicaid lien, payable jointly to petitioner and:

> Illinois Department of Healthcare and Family Services
> Bureau of Collections
> Technical Recovery Section
> 401 S. Clinton, 5th Floor
> Chicago, Illinois 60607-3800
> Attn: Mr. Anthony Graham
> Case No: 96-204-0000CS9504

Petitioner agrees to endorse this payment to the State of Illinois.

C. An amount sufficient to purchase the annuity contract,[2] subject to the conditions described below, that will provide payments for the life care items contained in the joint life care plan, as illustrated by the chart at Tab A attached hereto, paid to the life insurance company[3] from which the annuity will be purchased.[4]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner (or any other party who is appointed) as guardian(s)/conservator(s) of the estate of N.A., only so long as N.A. is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

---

[2] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

1.  Growth Rate

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioner agrees.

2.  Life-Contingent Annuity

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as N.A. is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of N.A.'s death.

3.  Guardianship

No payments shall be made until petitioner provides respondent with documentation establishing that he has been appointed as the guardian/conservator of N.A.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/ conservator of the estate of N.A., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of N.A. upon submission of written documentation of such appointment to the Secretary.

---

[4] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

**III.** **Summary of Recommended Payments Following Judgment**

    A.    Lump sum paid to petitioner as court-appointed guardian/conservator of N.A.'s estate: **$1,153,833.20**

    B.    Medicaid Lien: **$ 187,773.89**

    C.    An amount sufficient to purchase the annuity contract described above in section II. C.

Respectfully submitted,

STUART F. DELERY
Acting Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON, JR.
Assistant Director
Torts Branch, Civil Division

/s Jennifer L. Reynaud
JENNIFER L. REYNAUD
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Telephone: (202) 305-1586

Date: